UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

ANDRE JONES,
       Plaintiff,

    v.

WEXFORD HEALTH SOURCES, INC.,
Mr. Arthur Funk (Regional Medical Director,
Wexford Health Sources Inc.), Mr. Louis
Shicker (Agency Medical Director, "IDOC"),
Mr. Wallace Strow (Dental Dept. Director,
Hill Correctional Center); Mr. John R. Baldwin
(Acting/Director of the Illinois Department
of Corrections "IDOC"), Mrs. Stephanie
Dorethy (Warden, Hill Correctional Center),
Mr. Mark Williams (Assistant Warden of
Programs, Hill Correctional Center),
Mrs. Lois Lindorff (Health Care Admin-
istrator/RN, Hill Correctional Center),
Mr. John Frost (Grievance Officer, Hill
Correctional Center), Mrs. Jerri Friend
(Counselor, Hill Correctional Center),
Mr. Gareth Beams (Counselor, Hill Cor-
rectional Center), Steve Meeks (Chief,
Health Services of "IDOC"),
       Defendants.

Case No. _____

## E-FILE NOTICE/CERTIFICATE OF SERVICE

The undersigned certifies that on January 18, 2019, he electronically filed the foregoing documents with the Clerk of the Court for the United States District Court for the Central District of Illinois. One (1) Original for the Court and Two (2) Copies for the Clerk. Additionally, One (1) Copy of the foregoing documents to be served on each of the twelve (12) defendants.

TO: OFFICE OF THE CLERK FOR THE U.S.
DISTRICT COURT - CENTRAL DISTRICT
OF ILLINOIS
600 E. Monroe Street, Suite # 151
Springfield, IL 62701

TO: WEXFORD HEALTH SOURCES, INC.
381 Mansfield Ave., Suite # 265
Pittsburg, PA 15220 - 2751

TO: ILLINOIS DEPARTMENT OF CORRECTIONS
JOHN R. BALDWIN, ACTING/DIRECTOR
100 W. Randolph St., Suite # 4-200
Chicago, IL 60601

TO: Mr. Arthur Funk, Regional Director
501 Holiday Drive, Foster Plaza Four
Pittsburg, PA 15220

TO: Mr. Louis J. Meyer, James R. Thompson Center, 100 W. Randolph St., Suite # 4-200 Chicago, IL 60601

TO: Mrs. Stephanie Dorethy, Warden, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

TO: Mrs. Lois Lindorff, Health Care Administrator/RN, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

TO: Mrs. Jerri L. Friend, Counselor, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

TO: Mr. Steve Meeks, Chief of Health Services, Illinois Department of Corrections 100 W. Randolph St., 13th Floor Chicago, IL 60601

Dated: January 18, 2019

Pursuant to 28 USC 1746 and 18 USC 1621, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

Date: January 18, 2019

TO: Mr. Wallace Strow, Dental Dept. Director, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

TO: Mr. Mark Williams, Assistant Warden of Programs, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

TO: Mr. John Frost, Grievance Officer, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

TO: Mr. Gareth Beams, Counselor, Hill Correctional Center 600 Linwood Rd., P.O. Box 1327 Galesburg, IL 61401

/S/ Andre Jones

Andre Jones
Reg. No. B-34930
P.O. Box 1700
Galesburg, Illinois 61401

Pro Se Litigant.

# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

ANDRE JONES                              )
,                                        )
                                         )
                        Plaintiff        )
                                         )
                                         )       Case No. ——————
WEXFORD HEALTH SOURCES, INC.,            )       (*The case number will be assigned by the clerk*)
Mr. Arthur FUNK                          )
Mr. LARRY SHICKER                        )
Mr. WALLACE STRAW                        )
Mr. JOHN R. BALDWIN                      )
Mrs. STEPHANIE DORETHY                   )
Mr. MARK WILLIAMS                        )
Mrs. LOIS LINDORFF                       )
Mr. JOHN FROST                           )
Mrs. JERRI FRIEND                        )
Mr. GARETH BEAMS                         )
Mr. STEVE MEEKS,                         )
,                                        )
                        Defendant(s)     )

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law:  N/A

☐ Unknown  N/A

## I. FEDERAL JURISDICTION

***Please refer to the instructions when filling out this complaint.*** *Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Andre Jones

Prison Identification Number: B-39920

Current address: Hill Correctional Center, P.O. Box 1700, Galesburg, Illinois 61401

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: WEXFORD HEALTH SOURCES, INC,

Current Job Title: HEALTH CARE PROVIDER

Current Work Address 501 Holiday Drive, Foster Plaza Four, Pittsburg, Pa 15220

Defendant #2:

Full Name: Mr. ARTHUR FUNK

Current Job Title: REGIONAL MEDICAL DIRECTOR

Current Work Address 501 Holiday Drive, Foster Plaza Four, Pittsburg, Pa 15220

Defendant #3:

Full Name: Mr. LOUIS SHICKER

Current Job Title: ILLINOIS DEPT. OF CORRECTIONS MEDICAL DIRECTOR

2

Current Work Address _James R. Thompson Center, 100 W. Randolph St.,_
_Ste. 4-200, Chicago, Illinois 60601_

Defendant #4:

Full Name: _Mr. WALLACE STROW_

Current Job Title: _DENTAL DEPARTMENT DIRECTOR_

Current Work Address _HILL CORRECTIONAL CENTER, 600_
_Linwood Rd., P.O. Box 1327, Galesburg, Illinois, 61401_

Defendant #5:

Full Name: _Mr. JOHN R. BALDWIN_

Current Job Title: _DIRECTOR OF ILLINOIS DEPT. OF CORRECTIONS_

Current Work Address _P.O. Box 19277, Springfield, Illinois 62794-9277;_
_100 W. Randolph St., Ste. 4-200, Chicago, Illinois 60601_

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

The *"three strikes rule"* bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?        Yes ☑        No ☐

If yes, please describe _Denial of Medical Care/Due Process_
_Violation._

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☑        No ☐

C. If your answer to B is yes, how many? _1_ Describe the lawsuit(s) below.

3

DEFENDANTS CONT.

DEFENDANT #6:

FULL NAME: STEPHANIE DORETHY
CURRENT JOB TITLE: WARDEN
CURRENT WORK ADDRESS: 600 LINWOOD RD., P.O. BOX 1327
GALESBURG, ILLINOIS 61401

DEFENDANT #7:

FULL NAME: MARK WILLIAMS
CURRENT JOB TITLE: ASSISTANT WARDEN OF PROGRAMS
CURRENT WORK ADDRESS: 600 LINWOOD RD., P.O. BOX 1327
GALESBURG, ILLINOIS 61401

DEFENDANT #8:

FULL NAME: LOIS LINDORFF
CURRENT JOB TITLE: HEALTH CARE ADMINISTRATOR
CURRENT WORK ADDRESS: 600 LINWOOD RD., P.O. BOX 1327
GALESBURG, ILLINOIS 61401

DEFENDANT #9:

FULL NAME: JOHN FROST
CURRENT JOB TITLE: GRIEVANCE OFFICER
CURRENT WORK ADDRESS: 600 LINWOOD RD., P.O. BOX 1327
GALESBURG, ILLINOIS 61401

DEFENDANT #10:

FULL NAME: J. FRIEND
CURRENT JOB TITLE: CORRECTIONAL COUNSELOR
CURRENT WORK ADDRESS: 600 LINWOOD RD., P.O. BOX 1327
GALESBURG, ILLINOIS 61401

DEFENDANT #11:

FULL NAME: GARETH BEAMS
CURRENT JOB TITLE: CORRECTIONAL COUNSELOR
CURRENT WORK ADDRESS: 600 LINWOOD RD., P.O. BOX 1327
GALESBURG, ILLINOIS 61401

DEFENDANT # 12:

FULL NAME: STEVE MEEKS
CURRENT JOB TITLE: ILLINOIS DEPT. OF CORRECTIONS
CHIEF OF HEALTH SERVICES

CURRENT WORK ADDRESS: 100 W. RANDOLPH ST., 13th FLR.
CHICAGO, ILLINOIS 60601

***
ALL DEFENDANTS ARE BEING SUED IN THEIR INDIVIDUAL AS
WELL AS THEIR OFFICIAL CAPACITIES; AND DEFENDANT WEXFORD
HEALTH SOURCES, INC., IS BEING SUED IN ITS' OFFICIAL,
INDIVIDUAL, AND/OR CORPORATE CAPACITIES.

1. Name of Case, Court and Docket Number  NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
   JONES V. WEXFORD HEALTH SOURCES, INC., ET AL., CASE NO.: 13 CV 5767

2. Basic claim made  DENIAL OF MEDICAL/DENTAL CARE/DUE PROCESS VIOLATION.

3. Disposition (That is, how did the case end?  Was the case dismissed?  Was it appealed?  Is it still

pending?)  SETTLEMENT

*For additional cases, provide the above information in the same format on a separate page.*

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A.  Is there a grievance procedure available at your institution?  Yes ☑   No ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☑   No ☐

If your answer is no, explain why not _____

_____

C.  Is the grievance process completed?   Yes ☑   No ☐

## V.  STATEMENT OF CLAIM

Place(s) of the occurrence  HILL CORRECTIONAL CENTER

4

Date(s) of the occurrence 11-11-16 thru 12-31-16; 1-2017 thru 12-2017; 1-2018 thru 12-2018; 1-2019 thru the present data

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

1) At all times relevant here to after, Mr. Andre Jones (mr. Jones) (Plaintiff) has and continues to be an incarcerated inmate at the Hill Correctional Center, under the registration number B-39920, whose Medical needs are the responsibility of the Illinois Department of Corrections and the State of Illinois.

2) This civil action revolves around an on-going/continuing wrong [constitutional violations] arising from Illinois Department of Corrections Employees', Wexford Health Sources, Inc., lack of Adequate Dental Policies And Procedures, And its Employees Reckless conduct, which precluded Mr. Jones from Adequate/Timely Preventative Dental Treatment And "Continuing Care" for a serious medical dental condition ("Advanced Peri-odental Gum Disease), having caused and "Continue" to cause unnecessary excruciating pain and suffering [for over two decades], which all the heretoafter Defendants possess knowledge of the said dental condition; and can cause plaintiff a long-term of physical and emotional complications, even death. Exhibits #1, 1a-1e

3) The Department of Corrections has known since, at least 11/25/97 that Mr. Jones suffers from Gum Disease-Early Onset Periodontal Disease.

5

4) The Disease was caught over 20 years ago, But because the Treatment would cost too much, he (Jones) was denied the adequate/timely Preventive care that would have prevented Mr. Jones' gums from receeding. See Exhibits #2, 2a-2b

5) Periodontal Disease is treated by removing plaque and calculus from the teeth by scaling and root planning, and in some cases a gingivectomy which is surgical trimming of the gums. See Exhibits #3, 3a-3d

6) At no time was Mr. Jones treated with either treatment. He (Jones) was left and they allowed the Disease to Advance to a point that he (Jones) was in pain and suffering unnecessarily. See Exhibit #4

7) Mr. Jones is not trying to go back 20 years or so to file this complaint, But he wants to show that for over 20 years at least he's been complaining about his teeth and gums, and equivalent to nothing has been done.

8) This condition is on-going and has been harming Mr. Jones since 1997.

9) Sometime in 2009 Mr. Jones' gums swole up really bad and became filled with pus.

10) Mr. Jones teeth and gums hurt so bad that on several nights and days he couldn't sleep, eat or speak.

11) Mr. Jones could have died on several occasions, his gums were severely inflammed, swollen and filled with pus. Because the pus that came from his gums is poison, and on several occasions, Mr. Jones requests for dental care was ignored for months or better. And as a direct result of him being denied medical/dental care, Mr. Jones swallowed the pus/poison several times a day for that time.

12) Around 2012, Mr. Jones front teeth fell out as a direct result of the periodontal disease and requested a partial (false teeth) because the missing teeth altered his appearance and made him feel embarassed, but was denied.

13) Subsequently, Mr. Jones was forced to file a Section 1983 Complaint in 2013 against Wexford Health Sources, Inc., and the Illinois Department of Corrections Defendants, due to their being Deliberately Indifferent to his serious medical/dental needs, in violation of the United States Constitution.

14) Mr. Jones agreed to enter into a Settlement Agreement with the Illinois Department of Corrections, Jones v. IDOC, et al, Case No. 13CV 5767, Exhibit #5

15) Mr. Jones was transferred to Hill Correctional Center on 11-11-16, without requesting to be transferred, while there was a medical hold, occurred one month following receipt of the settlement money portion only, and before receiving the recommended treatment by examining Dentist, for Mr. Jones' treatment and continuing care for his Periodontal Disease. Exhibit #5

16) Within 30 days upon arrival at Hill Correctional Center ("Hereinafter-Hill") Mr. Jones was given an appointment for Dental, and was seen by Dr. Straw (Dental Director), at which time Mr. Jones complained about experiencing pain, my teeth being loose, gums inflammed and shared with him, that I entered into a settlement agreement, which includes a two-tooth partial, free of any cost to me, and teeth cleaning and gum (root) scaling.

17) After becoming apparent to Mr. Jones that Dr. Straw and Wexford

7

Health Sources, Inc., ("Hereinafter Wexford") and the Illinois Department of Corrections ("Hereinafter IDOC") Defendants had no intentions to honor the settlement agreement by providing adequate/timely and preventive treatment and on-going dental care for "Periodontal Disease", Mr. Jones wrote a letter on October 18, 2017 to previous attorneys regarding the Dental Department at "Hill" for failure to honor the Settlement Agreement regarding the on-going treatment plan for my Periodontal Gum Disease Condition. See Exhibits # 6, 6a

18) On July 28, 2017, Mr. Jones sent a request for dental, and was seen by Defendant Dr. Straw (and Robin Gilliam, Dental Assistant) at which time he (Jones) complained about pain and suffering, his gums being inflammed at times, as well as the fact that he (Jones) is constantly denied adequate dental care and preventive treatment, per the settlement agreement.

19) On September 19, 2017, Mr. Jones filed a grievance seeking adequate/timely treatment for his (Jones) serious medical dental condition, and again complained about failure to provide treatment has resulted in bone loss and a continual denial of the settlement agreement. Mr. Jones requested alternatively, to be transferred to a facility which has a Dental Hygienist in order to perform adequate dental procedures and, treatment, or to be given a medical furlough to be seen by a Dental expert. See Exhibits # 7, 7a, b

20) On or around September 5, 2017, Mr. Jones wrote a letter to Defendant Lois Lindoff, "Hill" Health Care Administrator, complaining about the inadequate dental treatment, but received no response.

21) On September 26, 2017, Mr. Jones' Counselor, Defendant Beams responded, stating that Mr. Jones does not bring forward any documentation to support his claims, that a co-pay will be charged for partials or dentures, and that proper policy and procedures are being followed. See Exhibits # 7, 7a

22) On February 12, 2018, after having received a written response from the ACLU, Mr. Jones wrote a letter to the judge in the case that was settled to inform the court that the settlement agreement was not being honored, and that Mr. Jones is constantly being denied adequate/timely dental care and on-going preventive treatment for my serious "Periodontal" condition at "Hill". See Exhibits # 8, 8a

was deemed as a non-emergency and instructed to submit the grievance in the normal manner. See Exhibit #13

29) On April 20, 2018, Mr. Jones Counselor, Defendant Friend responded: "Will not address any settlement claims since this I/M failed to attach these settlement documents, plus, this facility was not the facility originally involved. Teeth cleanings are not mandated currently by IDOC Policy." See Exhibits #13, 13a

30) On June 20, 2018, Mr. Jones appealed the decision to the Acting Director of the Illinois Department of Corrections, Defendant John R. Baldwin, who, too, turned a blind eye in failing to enforce the Illinois Administrative Code governing "IDOC", thus allowing "Wexford" employees unconstitutional custom, policy and practice that has led to the on-going inadequate dental treatment of not treating his (Jones) Advanced Periodontal Gum Disease. See Exhibits #13b, 14, 14a-g

31) Notwithstanding Defendant Baldwin's decision, Amy Burle, Administrative Review Board, gave Mr. Jones instructions to re-submit a request again to be seen by Dental Director, Defendant Dr. Straw, pursuant to the grievance filed on March 15, 2018, which I complied. On July 10, 2018 Mr. Jones submitted a "SICK CALL" request to be seen by Dental. See Exhibit #15

32) On or around July 17, 2018, Mr. Jones went on an appointment to Dental and was given an examination of his (Jones) mouth by Defendant Straw and Assistant Robin Gilliam, only to check for cavities. Defendant Straw concluded that there were no cavities, but there was plaque build up on Mr. Jones teeth and gum line. Defendant Straw scrapped some off Mr. Jones teeth, but not the gum line and performed no other procedures.

33) Prior to the examination, Mr. Jones referenced (3) separate occasions in which he (Jones), Defendant Straw and Dental Assistant Robin Gilliam had previously discussed the terms of the settlement agreement, at which time she (Gilliam) remembered, but didn't recall seeing the paper work detailing the terms of the agreement.

34) Mr. Jones reminded Defendant Straw and Robin Gilliam that in the transition from the previous facility (Stateville Correctional Center) to "Hill" strangely, most of his (Jones) legal papers were lost; but that they (Straw) had been shown sufficient documentations confirming the settlement, including his (Jones) medical/dental records in their (Straw) possession of the diagnosis of "ADVANCED PERIODONTAL GUM DI-

10

SEASE". See Exhibits 16,16-e

35) On August 3, 2018 Mr. Jones wrote a letter to Christopher E. Walter, Assistant Attorney General (attorney for "IDOC" who helped settle the case) requesting a copy of the Settlement Agreement in Jones v. Wexford, et al., Case no. 13-CV-5767. See Exhibit #17

36) On August 28, 2018 Mr. Jones received a copy of the Settlement Agreement from the office of Lisa Madigan, Illinois Attorney General. See Exhibit #5

37) On September 4, 2018 Mr. Jones had an annual mandatory scheduled appointment [because he had a birthday coming up on September 9th] for dental. Defendant Straw (with Robin Gilliam assisting by taking notes) performed a 5 second check-up and stated that's it, at which time Mr. Jones informed Defendant Straw that he (Jones) had brought a copy of the settlement agreement he (Jones) had recently received. Mr. Jones asked defendant straw whether he wanted to make himself a copy for the record; he (straw) declined.

38) On at least 8 occasions Mr. Jones personally talked with Defendant Dorothy about the inadequate dental treatment and the dental department at "Hill" failure to provide him (Jones) with on-going preventive treatment for his serious "Periodontal Gum Disease" condition, and the dental department's failure to honor the settlement agreement. Each 8 occasions Defendant Dorothy became annoyed and showed lack of concern.

39) On at least 7 occasions Mr. Jones also confronted Defendant Williams throughout the facility in order to bring to his attention regarding the inadequate dental treatment, the failure to provide on-going preventive dental care for his (Jones) serious periodontal condition which causes him pain and suffering, and on August 30, 2018 Mr. Jones sent him (Williams) a letter in this regard, along with a copy of the Settlement Agreement. See Exhibit #18

40) On September 14, 2018 Mr. Jones also wrote a letter to "IDOC" Defendants representative, Edward W. Huntley, special litigation Counsel, in an effort to get some resolve regarding the blatant disregard for my (Jones) serious medical dental "Periodontal Gum Disease" condition, but received no response. See Exhibit #19

47) On October 17, 2018, Mr. Jones and Defendant Williams spoke in the foyer of unit 1, rather than in his (Williams) office regarding my (Jones) complaints about suffering unnecessary pain due to my serious "Periodontal" condition and "His" Dental Department's failure to provide adequate/timely preventive treatment, at which time, Defendant Williams stated he could not make Defendant Straw clean my (Jones) teeth or treat me for my "Advanced Periodontal Gum Disease" condition.

48) Defendant Williams during the meeting on October 17, 2018, asked where did I (Jones) want to transfer to, at which time I (Jones) stated "Dixon", Defendant Williams stated that he would make arrangements for me to talk with someone. On October 22, 2018, Mr. Jones spoke with Stan Simmonsen, Clinical Services Supervisor, per Defendant Williams and he (Simmonsen) informed me that he would personally contact the transfer coordinator. Mr. Jones gave him (Simmonsen) a copy of the settlement agreement.

49) On October 17, 2018 Mr. Jones received a statement from his Counselor, Defendant Beams via the institutional mail, whereby advising Mr. Jones that he is eligible to request a transfer on November 11, 2018, if he (Jones) meets the requirement. See Exhibits # 21, 21a-b

50) On October 19, 2018, once again Mr. Jones filed an "EMERGENCY" Grievance, due to "WEXFORD" and "IDOC" Employees lack of Adequate Dental Policies and Procedures and his employees reckless conduct which prevented Mr. Jones from receiving Adequate/Timely and on-going preventive dental treatment for a serious dental condition, which this time was deemed an "EMERGENCY" by Defendant Dorothy. See Exhibits # 22, 22a

51) That the "EMERGENCY" grievance was sent directly to Springfield, for Investigative Purposes, and on November 20, 2018, Defendant Baldwin, again, has "concurred" on The Administrative Review Board ("ARB") recommendations/decisions to deny Mr. Jones APPEAL GRIEVANCE to Adequate Advanced Periodontal Gum Disease Treatment, turned a blind eye in failing to enforce the Illinois Administrative Code governing "IDOC", thus allowing Wexford Employees' unconstitutional custom, policy and practices. See Exhibit # 23

52) The "EMERGENCY GRIEVANCE" process was violated by Defendants. See Exhibit # 24

53) The Director of the Illinois Department of Corrections ("IDOC") delegates the power to review and recommend, but the final decision rest with the Director, Defendant Baldwin. See Exhibit # 25

54) Wexford Dental Policies and Procedures states, "TEETH WITH SEVERELY

Health Sources, Inc., ("Hereinafter Westaff") and the Illinois Department of Corrections ("Hereinafter, IDOC") Defendants had no intentions to honor the settlement agreement by providing adequate/timely and preventive treatment and on-going dental care for "Periodontal Disease", Mr. Jones wrote a letter on October 18, 2017 to previous attorneys regarding the Dental Department at "Hill" for failure to honor the Settlement Agreement regarding the an-going treatment plan for my Periodontal Gum Disease Condition. See Exhibits # 6, 6a

18) On July 28, 2017, Mr. Jones sent a request for dental, and was seen by Defendant Dr. Straw (and Robin Gilliam, Dental Assistant) at which time he (Jones) complained about pain and suffering, his gums being in-flammed at times, as well as the fact that he (Jones) is constantly denied adequate dental care and preventive treatment, per the settle-ment agreement.

19) On September 19, 2017, Mr. Jones filed a grievance seeking adequate/timely treatment for his (Jones) serious medical dental condition, and again complained about failure to provide treatment has resulted in bone loss and a continual denial of the settlement agreement. Mr. Jones requested alternatively, to be transferred to a facility which has a Dental Hygienist in order to perform adequate dental procedures and treatment, or to be given a medical furlough to be seen by a Dental expert. See Exhibits # 7, 7a, b

20) On or around September 5, 2017, Mr. Jones wrote a letter to Defendant Lois Lindorff "Hill" Health Care Administrator, complaining about the inade-quate dental treatment, but received no response.

21) On September 26, 2017, Mr. Jones' Counselor, Defendant Beams respond-ed, stating that Mr. Jones does not bring forward any documentation to support his claims, that a co-pay will be charged for partials or dentures, and that proper policy and procedures are being fol-lowed. See Exhibits # 7, 7a

22) On February 12, 2018, after having received a written response from the ACLU, Mr. Jones wrote a letter to the judge in the case that was settled to inform the court that the settlement agreement was not being honored, and that Mr. Jones is constantly being denied adequate/timely dental care and on-going preventive treatment for my serious "Periodontal" condition at "Hill". See Exhibits # 8, 8a

was deemed as a non-emergency and instructed to submit the grievance in the normal manner. See Exhibit #13

29) On April 20, 2018, Mr. Jones Counselor, Defendant Friend responded: "Will not address any settlement claims since this I/M failed to attach these settlement documents, plus, this facility was not the facility originally involved. Teeth cleanings are not mandated currently by IDOC Policy." See Exhibits #13, 13a

30) On June 20, 2018, Mr. Jones appealed the decision to the Acting/Director of the Illinois Department of Corrections, Defendant John R. Baldwin, who, too, turned a blind eye in failing to enforce the Illinois Administrative Code governing "IDOC", thus allowing "Wexford" employees' unconstitutional custom, policy and practices that has led to the on-going inadequate dental treatment of not treating his (Jones) Advanced Periodontal Gum Disease. See Exhibits #13b, 14, 14a-g

31) Notwithstanding Defendant Baldwin's decision, Amy Buele, Administrative Review Board, gave Mr. Jones instructions to re-submit a request again to be seen by Dental Director, Defendant Dr. Straw, pursuant to the grievance filed on March 15, 2018, which I complied. On July 10, 2018 Mr. Jones submitted a "SICK CALL" request to be seen by Dental. See Exhibit #15

32) On or around July 17, 2018, Mr. Jones went on an appointment to Dental and was given an examination of his (Jones) mouth by Defendant Straw and Assistant, Robin Gilliam, only to check for cavities. Defendant Straw concluded that there were no cavities, but there was plaque build up on Mr. Jones' teeth and gum line. Defendant Straw scrapped some off Mr. Jones teeth, but not the gum line and performed no other procedures.

33) Prior to the examination, Mr. Jones referenced (3) separate occasions in which he (Jones), Defendant Straw and Dental Assistant Robin Gilliam, had previously discussed the terms of the settlement agreement, at which time she (Gilliam) remembered, but didn't recall seeing the paperwork detailing the terms of the agreement.

34) Mr. Jones reminded Defendant Straw and Robin Gilliam that in the transition from the previous facility (Stateville Correctional Center) to "Hill", strangely, most of his (Jones) legal papers were lost; but that they (Straw) had been shown sufficient documentations confirming the settlement, including his (Jones) medical/dental records in their (Straw) possession of the diagnosis of "ADVANCED PERIODONTAL GUM DI-

10

SEASE. See Exhibits 16,16a-e

35) On August 3, 2018 Mr. Jones wrote a letter to Christopher E. Walter, Assistant Attorney General (attorney for "IDOC" who helped settle the case) requesting a copy of the Settlement Agreement in Jones v. Wexford, et al., case no. 13-CV-5767. See Exhibit #17

36) On August 28, 2018 Mr. Jones received a copy of the Settlement Agreement from the office of Lisa Madigan, Illinois Attorney General. See Exhibit #5

37) On September 4, 2018 Mr. Jones had an annual mandatory scheduled appointment [because he had a birthday coming up on September 4th] for dental. Defendant Straw (with Robin Gilliam assisting by taking notes) performed a 5 second check-up and stated that's it, at which time Mr. Jones informed Defendant Straw that he (Jones) had brought a copy of the settlement agreement he (Jones) had recently received. Mr. Jones asked defendant Straw whether he wanted to make himself a copy for the record; he (Straw) declined.

38) On at least 8 occasions Mr. Jones personally talked with Defendant Dorothy about the inadequate dental treatment and the dental department at "Hill's" failure to provide him (Jones) with on-going preventive treatment for his serious "Periodontal Gum Disease" condition, and the dental department's failure to honor the settlement agreement. Each 8 occasions Defendant Dorothy became annoyed and showed lack of concern.

39) On at least 7 occasions Mr. Jones also confronted Defendant Williams throughout the facility in order to bring to his attention regarding the inadequate dental treatment, the failure to provide on-going preventive dental care for his (Jones) serious Periodontal condition which causes him pain and suffering, and on August 30, 2018 Mr. Jones sent him (Williams) a letter in this regard, along with a copy of the Settlement Agreement. See Exhibit #18

40) On September 14, 2018 Mr. Jones also wrote a letter to "IDOC" Defendants representative, Edward W. Huntley, special litigation counsel, in an effort to get some resolve regarding the blatant disregard for my (Jones) serious medical dental "Periodontal Gum Disease" condition, but received no response. See Exhibit #19

47) On October 17, 2018, Mr. Jones and Defendant Williams spoke in the foyer of unit 1, rather than in his (Williams) office regarding my (Jones) complaints about suffering unnecessary pain due to my serious "Periodontal" condition and "Hill" Dental Department's failure to provide adequate/timely preventive treatment, at which time, Defendant Williams stated he could not make Defendant Straw clean my (Jones) teeth or treat me for my "Advanced Periodontal Gum Disease" condition.

48) Defendant Williams during the meeting on October 17, 2018, asked where did I (Jones) want to transfer to, at which time I (Jones) stated "Dixon". Defendant Williams stated that he would make arrangements for me to talk with someone. On October 22, 2018, Mr. Jones spoke with Stan Simmonsen, Clinical Services Supervisor, per Defendant Williams and he (Simmonsen) informed me that he would personally contact the transfer coordinator. Mr. Jones gave him (Simmonsen) a copy of the settlement agreement.

49) On October 17, 2018 Mr. Jones received a statement from his Counselor, Defendant Beams via the institutional mail, whereby advising Mr. Jones that he is eligible to request a transfer on November 11, 2018, if he (Jones) meets the requirement. See Exhibits # 21, 21a-b

50) On October 19, 2018, once again Mr. Jones filed an "EMERGENCY" Grievance, due to "WEXFORD" and "ISOC" Employees lack of Adequate Dental Policies and Procedures and her employees reckless conduct which prevented Mr. Jones from receiving Adequate/Timely and on-going preventive dental treatment for a serious dental condition, which this time was deemed an "EMERGENCY" by Defendant Dorothy. See Exhibits # 22, 22a

51) That the "EMERGENCY" grievance was sent directly to Springfield, for Investigative Purposes, and on November 20, 2018, Defendant Baldwin, again, has "concurred" on the Administrative Review Board ("ARB") recommendations/decisions to deny Mr. Jones APPEAL GRIEVANCE to Adequate Advanced Periodontal Gum Disease Treatment, turned a blind eye in failing to enforce the Illinois Administrative Code governing "ISOC", thus allowing Wexford Employees unconstitutional custom, policy and practices. See Exhibit # 23

52) The "EMERGENCY GRIEVANCE" process was violated by Defendants. See Exhibit # 24

53) The Director of the Illinois Department of Corrections ("ISOC") delegates the power to review and recommend, but the final decision rest with the Director, Defendant Baldwin. See Exhibit # 25

54) Wexford Dental Policies and Procedures states, "TEETH WITH SEVERELY

JURY DEMAND Yes ☑ No ☐

Signed this _____18th_____ day of __January__ _____, 2019.

_____
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Andre Jones | B-34920 |
| Address: Hill Correctional Center<br>P.O. BOX 1700<br>Galesburg, Illinois 61401 | Telephone Number:<br>N/A |

# "THE DEFENDANT'S LIABILITY"

Defendant Wexford Health Sources, Inc., ("WEXFORD"), is the lone health care provider which is contracted by the Illinois Department of Corrections(I.D.O.C.) to provide adequate/timely, preventive, control and corrective "DENTAL" treatment. (SEE EXHIBITS# 11a and 27)

But when on-site dental treatment is not adequate, Wexford are to provide adequate/timely off-site dental treatment. (SEE EXHIBITS# 11b and 11c).

Wexford had no intentions to uphold said contractual obligation simply because Wexford contract states that, there is "NO DENTAL HYGENIST" employed at Hill Correctional Center, which is necessary to provide adequate/timely periodontal gum disease treatment. (SEE EXHIBIT#11d)

Wexford Dental Policies and Procedures states that, "THE PRIMARY MISSION OF DENTAL SERVICES SHALL BE THE 'PREVENTION, CONTROL, AND CORRECTION OF ORAL CONDITIONS' WHICH ARE DETRIMENTAL TO THE HEALTH OF THE INMATE/RESIDENT." (SEE EXHIBIT #27)

Moreover, when Mr. Jones brought said dental condition to Wexford Officials (Defendant Dr. Funk) attention, by way of correspondence, Wexford simply ignored Mr. Jones' pleas. (SEE EXHIBIT# 4)

Also, according to Wexford Dental Policies and Procedures, WEXFORD do not treat "ADVANCED PERIODONTAL GUM DISEASE" (SEE EXHIBIT #26)

As such, Wexford has ignored I.D.O.C. Administrative Directive 04.03.102, Category 1- EMERGENCY TREATMENT (A) (C) and (E). (SEE EXHIBIT #24)

Wexford Health Sources, Inc., has been under fire from its very inception of entering over a billion dollar contract by the Illinois' Department of Corrections to provide medical services to Illinois prisoners like Mr. Jones. (SEE EXHIBIT #28)

When Wexford failed to provide Mr. Jones Dental Care which satisfies Mr. Jones' constitutional rights, it is the driving force behind Mr. Jones Pain and suffering unnecessarily.

In asmuch as, Wexford violated its own, or lack thereof, Dental Poli-

cies and Procedures as well as I.D.O.C. Administrative Directives which also governs Wexford Dental Policies and Procedures.

Wexford intentionally and deliberately denied Mr. Jones Constitutional right to Dental Treatment which the Dental Community provide.

Such disregard for treatment is reckless and causes Mr. Jones severe pain and unnecessary daily suffering.

---

Defendant John R. Baldwin, was/is the Acting Director of I.D.O.C at all times relevant to this Civil Action.

Accordingly, the "ILLINOIS ADMINISTRATIVE CODE" (04.03.103), states the Director of I.D.O.C. "SHALL" delegate the power of review and recommendation of an inmate "APPEALED GRIEVANCE" to the A.R.B. (SEE EXHIBIT #25).

Again, according to the ILLINOIS ADMINISTRATIVE CODE (04.03.102) Defendant Baldwin "SHALL" provide Mr. Jones with adequate emergency dental treatment. (SEE EXHIBIT #24)

Moreover, when Defendant Baldwin failed to enforce the ILLINOIS ADMINISTRATIVE CODE which governs I.D.O.C., his (Baldwin) conduct condoned, facilitated, and he "TURNED A BLIND EYE" to Defendant Wexford and/or Defendant Wexford Employees unconstitutional and unprofessional reckless conduct that lead to the on-going inadequate Advance Periodontal Gum Disease treatment which is the root cause of Mr. Jones pain and unnecessary suffering.

Notwithstanding, the fact that Defendant Baldwin reckless conduct has also exposed Mr. Jones to HEART DISEASE, STROKE AND PSYCHOLOGICAL STRESS AND PERHAPS SUDDEN DEATH. These are life altering conditions which could be IRREPARABLE, but PREVENTABLE (as Defendant Wexford Contract states) with one stroke of Defendant Baldwin pen he (Baldwin) "CONCURRED" with the A.R.B. review and recommendation to deny Mr. Jones "APPEALED GRIEVANCE" to obtain adequate, timely, preventive, and controlled Advance Periodontal Gum Disease Dental Treatment.

Defendant Baldwin intentionally and deliberately denied Mr. Jones Dental Treatment that would satisfy Mr. Jones Constitutional rights.

Whereas, said conduct is a disregard of the serious pain and suf-

fering, which resulted to IRREPARABLE damage to Mr. Jones teeth and gums that non-treatment of Advance Periodontal Gum Disease holds.

Defendant Wallace Straw is the Dental Department Director at Hill Correctional Center. (H.C.C.).

Defendant Straw examined Mr. Jones and possessed his dental records indicating that he has been diagnosed with "ADVANCE PERIODONTAL GUM DISEASE" (SEE EXHIBITS #16, 16a-c.)

Defendant Straw knew that Mr. Jones' settlement Agreement required him (Jones) to receive on-going dental treatment and preventive care for his serious periodontal Gum Disease, and additional dental procedures free at cost to him. (Jones).

Defendant Straw knew that Mr. Jones suffers from "GINGIVAL BLEED-ING".

Defendant Straw knew that Mr. Jones teeth had "MOBILITY".

Defendant Straw knew that Mr. Jones will suffer "TOOTH LOSS".

Defendant Straw refused to respond to Mr. Jones sick-call requests, which continued to deny Mr. Jones adequate/timely preventive dental treatment that would have put an end to the threat of Mr. Jones pain, unnecessary suffering and loosing teeth.

Moreover, on July 28, 2017, July 17, 2018, Sept. 4, 2018, Sept. 14, 2018 and Sept. 19, 2018, Defendant Straw continued to maliciously and recklessly refuse to provide Mr. Jones with adequate/timely advance periodontal gum disease dental treatment.

Defendant Straw has a professional as well as a legal and contractual obligation to give Mr. Jones adequate/timely periodontal gum disease treatment, and to "PREVENT" said dental pain that Mr. Jones is suffering. Mr. Jones has a constitutional right to be free from the unnecessary infliction of pain and known suffering.

With all the above knowledge of Mr. Jones serious dental condition, Dr. Straw only recommendation was to charge Mr. Jones to pull all his teeth and give dentures.