## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 19-cv-4013-MMM |
| | ) |
| WALLACE STROW, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW- AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, and confined at the Dixon Correctional Center, files an amended complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious dental needs at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In his prior complaint, Plaintiff revealed that he had asserted lack of dental treatment in a prior case, *Jones v Wexford, et al.*, No. 13-5767 (N.D. Ill. Aug. 13, 2013). A settlement had been released in that case under which Plaintiff was to be evaluated and, if necessary, to be provided teeth cleaning, gum scaling, and a partial denture. On November 15, 2016 the parties reported

that payment had been received and the settlement was concluded. On May 4, 2018, subsequent to the settlement, Plaintiff now proceeding *pro se*, filed a motion to set aside the judgment. The Court denied the request on August 15, 2018, finding "[t]his case was dismissed with prejudice effective 11/15/16…No further relief is available in this case." *Jones,* No. 13-5767 at [ECF 164]. Here, the Court conducted a merit review of Plaintiff's initial complaint, finding that while it did not have jurisdiction to enforce the settlement in *Jones*, it did have jurisdiction to consider Plaintiff's claims after his July 28, 2017 arrival at Hill.

In his initial complaint, Plaintiff asserted that he had not received the dental care contemplated in the earlier settlement, most notably teeth scaling, root planing, and gingivectomy, a surgical trimming of the gums. In his amended complaint, Plaintiff reasserts his claim as to suffering serious periodontal gum disease which, if not treated, will result in progressive bone loss, tooth loss, unnecessary pain and suffering and "possibly death." Plaintiff requests only "preventative care" and an evaluation by an outside periodontist to determine the status of the periodontal disease and bone loss.

Plaintiff believes that preventative dental care in the form of regular teeth cleanings is necessary to manage the gum disease. He complains that there is no dental hygienist on staff at Hill, and no program for inmates to receive regular teeth cleaning. Plaintiff claims to suffer "excruciating pain" which, he appears to believe, would be alleviated by having his teeth cleaned.

On July 17, 2018, Plaintiff was evaluated by Defendant Dentist Dr. Strow, identified as a Wexford employee. Dr. Strow determined that he had no cavities but had some plaque buildup at the gum line. Dr. Strow scraped plaque from Plaintiff's teeth, but allegedly not from the gum line itself. Plaintiff saw Defendant again on September 4, 2018 and attempted to give Defendant

a copy of the *Jones* settlement agreement, apparently requesting that Defendant provide the delineated services. Defendant Strow refused to accept the document.

On September 14, 2018, Plaintiff submitted a sick call request for a "periodontal gum disease checkup" to which he received no response. On September 19, 2018, he submitted a second request, complaining that his gums were inflamed and chronically infected, causing him to have a bad order in his mouth. Plaintiff later spoke with Defendant Strow's assistant who advised him that Defendant Strow had, indeed, performed a periodontal examination. Plaintiff disputes this.

Plaintiff complained to Defendant Warden Dorethy and Defendant Williams the Assistant Warden of Programs. He claims that Defendant Williams had a duty to a ensure that there was a dental hygienist on staff at Hill. He also claims that Defendant Williams failed to ensure that Plaintiff received the treatment he wanted, allegedly stating that he could not make Dr. Strow clean Plaintiff's teeth.

Plaintiff filed several related grievances which were referred to Defendant Strow. Defendant Strow responded, indicating that while other institutions provided regular dental cleanings, this was not mandated at Hill. Plaintiff was advised that he could put in for a transfer to another institution which had "established, dental hygiene services."

Plaintiff also asserts a claim against Wexford, asserting that Wexford has a contractual obligation to have a hygienist on staff at Hill. He cites a monitor report from, *Lippert v. Ghosh*, No. 10-4603 (N.D.Ill. July 23, 2010) to establish that there is a lack of adequate dental care throughout the IDOC system. This report has been characterized by one court as "a collection of anecdotes from prisons around the country, compiled by a private organization called Private Corrections Working Group." *Boyce v. Wexford Health Sources, Inc.*, No. 15-7580 (N.D.Ill.

April 24, 2017), 2017 WL 1436963.  It does not support, however, that Wexford may be liable for a constitutional injury in this case, as it appears that IDOC had not contracted with Wexford to provide "established, dental hygiene services" at Hill.

## ANALYSIS

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted).  The Seventh Circuit has held that, "dental care is one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (citation omitted).  A dental condition may be "objectively serious" and the failure to provide needed dental treatment may rise to the level of deliberate indifference.  *Id.* at 593.  To successfully plead deliberate indifference, Plaintiff must establish that he had an objectively serious medical condition; and that Defendants were deliberately indifferent to that it.  *Arnett*, 658 F.3d at 750.  Prisoners do not, however, have an entitlement to "demand specific care" or "the best care possible," but only that which is reasonable to avoid a substantial risk of serious harm.  *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

While Plaintiff's initial complaint requested various treatment modalities, his amended complaint requests "preventative care" and evaluation by an outside periodontist.  In reviewing the case law, however, it is clear that there is no established constitutional right to routine dental care, including teeth cleaning.  *Taylor v. Christain*, 42 F.3d 1392 (7th Cir. 1994) (dismissing as frivolous a claim for routine dental cleaning).  *See also*, *Jackson v. Lane*, 688 F. Supp. 1291 (N.D. Ill. 1988) (claim that there was not a hygienist at the facility for purposes of performing inmate teeth cleanings "does not—repeat not—state an Eighth Amendment claim."

Routine dental care need only be provided where there is an "ongoing serious dental problem." *Taylor v*, 42 F.3d at *1. In his amended complaint Plaintiff asserts that he should be referred to an outside periodontist to determine the status of his periodontal disease and the cause of his pain and mouth order. As a result, Plaintiff may proceed on a deliberate indifference claim against Defendant Strow. While Plaintiff implicates Defendants Dorethy and Williams for the lack of a dental hygienist and lack of referral to a periodontist, he does not assert that either had the authority to enter into a contract for these services, or to refer him to an outside periodontist. *See McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991) (plaintiffs may not "tax employees of the prison system with the effects of circumstances beyond their control." These Defendants are DISMISSED.

As to Wexford, Plaintiff has provided documentation that there is no established dental hygiene program at Hill. If IDOC has not engaged Wexford to provide these services, Wexford can hardly be found liable for the failing to provide them. Wexford is only potentially liable if its own policy caused Plaintiff injury. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). In addition, Plaintiff does not identify a particular policy of Wexford which allegedly thwarted his referral to a periodontist. Here, it appears that that Defendant Strow did not believe the referral was necessary and, as claimed by his assistant, had performed the necessary periodontal examination. Wexford is not liable merely because it employed Defendant Strow. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (there is no general *respondeat superior* liability under 42 U.S.C. § 1983). *See also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) (allegations of poor decision-making on the part of staff fails to state a claim against Wexford). Wexford is DISMISSED.

**IT IS THEREFORE ORDERED:**

This case shall proceed solely on the claims of deliberate indifference against Defendant Strow, identified herein.  All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.  As Defendant Strow has been served, the Clerk need take no further action in this regard.  Defendants Dorethy, Williams and Wexford are DISMISSED.


ENTERED: __10/29/2019_____


                                                    _____s/Michael M. Mihm_____
                                                        MICHAEL M. MIHM
                                            UNITED STATES DISTRICT JUDGE